UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAY MILLS INDIAN COMMUNITY,

    Plaintiff,

v

RICK SNYDER, individually and in his capacity as Governor of the State of Michigan

    Defendant.

No. 1:11-cv-00729-PLM

HON. PAUL L. MALONEY

## ANSWER OF DEFENDANT GOVERNOR RICK SNYDER

Defendant Rick Snyder, through his attorneys, answers the complaint as follows:

## JURISDICTION

1.     The allegations in paragraph 1 state legal conclusions which do not require a response.

## PARTIES

2.     Admitted.

3.     Admitted.

## VENUE

4. Admit that Defendant maintains his official office in Lansing, Michigan. The remaining allegations in paragraph 4 state legal conclusions which do not require a response.

## GENERAL ALLEGATIONS

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. The allegations in paragraph 7 state legal conclusions which do not require a response.

8. The allegations in paragraph 8 state legal conclusions which do not require a response.

9. The allegations in paragraph 9 state legal conclusions which do not require a response.

10. The allegations in paragraph 10 state legal conclusions which do not require a response.

11. The allegations in paragraph 11 state legal conclusions which do not require a response.

12. The allegations in paragraph 12 state legal conclusions which do not require a response.

13. The allegations in paragraph 13 state legal conclusions which do not require a response.

14. Admit that Bay Mills Indian Community (Tribe) purchased the Vanderbilt parcel. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 state legal conclusions which do not require a response. Defendant however disagrees that the Vanderbilt parcel is subject to the civil and criminal laws of the Tribe.

16. Admit that the Tribe adopted a gaming ordinance that was approved by the National Indian Gaming Commission. On information and belief, this gaming ordinance has been amended a number of times since it was first adopted, including as recently as 2010. The remaining allegations in paragraph 16 state legal conclusions which do not require a response.

17. The allegations in paragraph 17 state legal conclusions which do not require a response. Defendant however agrees with the stated interpretation of § 5.5 of the Ordinance.

18. The allegations in paragraph 18 state legal conclusions which do not require a response. Defendant however disagrees that the Vanderbilt parcel is Indian lands as defined in the Ordinance.

19. The allegations in paragraph 19 state legal conclusions which do not require a response. Defendant however agrees that any Tribal gaming on the Vanderbilt parcel is subject to the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2701 et seq.

20. The allegations in paragraph 20 state legal conclusions which do not require a response. Defendant however agrees that IGRA limits the conduct of gaming by an Indian tribe to Indian lands.

21. The allegations in paragraph 21 state legal conclusions which do not require a response. Defendant however disagrees that the Vanderbilt parcel is Indian lands as defined in IGRA.

22. The allegations in paragraph 22 state legal conclusions which do not require a response.

23. Admitted.

24. The allegations in paragraph 24 do not require a response as the Compact speaks for itself.

25. The allegations in paragraph 25 state legal conclusions which do not require a response. Defendant however disagrees that the Vanderbilt parcel is Indian lands as defined in the Compact.

26. Admitted.

27. Defendant states that Exhibit D was sent before he was Governor of Michigan. Defendant does not understand what is intended by the allegation that his "representatives" made statements in the letter, and therefore cannot answer this allegation. Defendant admits that Exhibit D was sent by the Michigan Attorney General's Office on behalf of the State of Michigan to the Tribe. The remaining allegations in paragraph 27 do not require a response as Exhibit D speaks for itself, or because they state legal conclusions.

28.     Defendant states that Exhibit D was sent before he was Governor of Michigan.  Defendant does not understand what is intended by the allegation that his "representatives" made statements in the letter, and therefore cannot answer this allegation.  Defendant admits that Exhibit D was sent by the Michigan Attorney General's Office on behalf of the State of Michigan to the Tribe. The remaining allegations in paragraph 28 do not require a response as Exhibit D speaks for itself, or because they state legal conclusions.

29.     Defendant states that Exhibit D was sent before he was Governor of Michigan.  Defendant does not understand what is intended by the allegation that his "representatives" made statements in the letter, and therefore cannot answer this allegation.  Defendant admits that Exhibit D was sent by the Michigan Attorney General's Office on behalf of the State of Michigan to the Tribe. The remaining allegations in paragraph 29 do not require a response as Exhibit D speaks for itself, or because they state legal conclusions.

30.     Defendant states that Exhibit D was sent before he was Governor of Michigan.  Defendant does not understand what is intended by the allegation that his "representatives" made statements in the letter, and therefore cannot answer this allegation.  Defendant admits that Exhibit D was sent by the Michigan Attorney General's Office on behalf of the State of Michigan to the Tribe. The remaining allegations in paragraph 30 do not require a response as Exhibit D speaks for itself, or because they state legal conclusions.

31. Defendant states that Exhibit D was sent before he was Governor of Michigan. Defendant does not understand what is intended by the allegation that his "representatives" made statements in the letter, and therefore cannot answer this allegation. Defendant admits that Exhibit D was sent by the Michigan Attorney General's Office on behalf of the State of Michigan to the Tribe. The remaining allegations in paragraph 31 do not require a response as Exhibit D speaks for itself, or because they state legal conclusions.

32. Defendant admits that it is the position of the State of Michigan that the operation of a casino by the Tribe on the Vanderbilt parcel violates state civil and criminal laws, and that to the extent officials, agents and employees of Bay Mills violate those laws, they are subject to prosecution. The remaining allegations in paragraph 32 state legal conclusions which do not require a response.

33. The allegations in paragraph 33 state legal conclusions which do not require a response. Defendant however denies that he has violated state or federal law as alleged.

34. The allegations in paragraph 34 are denied for the reason that any action that may be taken to remedy the unlawful operation of a casino on the Vanderbilt parcel will be in accordance with federal and state laws.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint is barred by immunity provided Defendant by the U.S. Const. amend. XI.

2. Plaintiff's claims are barred by the doctrine of qualified immunity.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Some or all of Plaintiff's claims have been or will be barred by res judicata and/or collateral estoppel.

5. Plaintiff has failed to exhaust its administrative remedies.

## RELIEF REQUESTED

Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and that he be awarded his costs and attorney fees incurred in this matter.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Louis B. Reinwasser
Assistant Attorney General
Attorneys for Defendant
Environment, Natural Resources,
 and Agriculture Division
6th Floor, Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI 48909
reinwasserl@michigan.gov

Dated: September 30, 2011